FILED

2003 DEC -9 P 1:23

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR PEREIRA<br>Plaintiff | : CIVIL NO. 3:03 CV0301(AWT) |
| VS. | |
| POLICE CHIEF EDWARD FLAHERTY,<br>ET AL<br>Defendants | : NOVEMBER 24, 2003 |

## AMENDED COMPLAINT

**COUNT 1 (Negligence as to Defendants Detective Michael Goggin, Detective Gary Pece, Detective Frank Koshes, Detective Lawrence Smith, and Officer Timothy Jackson)**

1. At all times mentioned in this Complaint, the Plaintiff Victor Pereira was a resident of the City of Waterbury, residing at 26 Shirley Street, in Waterbury, Connecticut.

2. At all times mentioned in this complaint, the Defendants acted under color of law, that is under color of statutes, ordinances, charter, regulations, customs, laws ans usages of the State of Connecticut and the City of Waterbury.

3.  On March 1, 2001, the Plaintiff was enjoying the company of some friends at his residence located at 26 Shirley Street in Waterbury, Connecticut, when he and his friends were detained by members of the Waterbury Police Department.

4.  During the course of this detention, the Plaintiff was assaulted, threatened with serious bodily harm and his apartment was ransacked during a search by the Defendants, Detective Michael Goggin, Detective Gary Pece, Detective Frank Koshes, Detective Lawrence Smith and Officer Timothy Jackson, in such a way as to cause him to sustain serious personal injury and loss.

5.  As a direct result of the negligent acts of the Defendants, the Plaintiff sustained the following losses:

   a.  Damaged front doorway;

   b.  Damaged furniture;

   c.  Damaged appliances;

   d.  Missing personal effects;

   e.  Food spoilage;

  f.  General disarray of the entire apartment;

  g.  Invasion of his privacy;

  h.  Extreme emotional distress.

  6.  From all of the injuries the Plaintiff has suffered and will continue to suffer pain and mental anguish as well as fears and apprehension of further invasions in the future.

  7.  The aforementioned mental anguish, fears and apprehension could reasonably be expected to follow the acts of the Defendants and the Defendants knew or should have known that such mental anguish, fears and apprehension would result from their conduct.

  8.  As a further consequence of the negligent acts of the Defendants, the Plaintiff has in the past and may in the future expend monies for repairs and replacement of his personal property, all to his financial loss and detriment.

**COUNT 2: (Intentional Infliction of Emotional Distress as to Defendants Detective Michael Goggin, Detective Gary Pece, Detective Frank Koshes, Detective Lawrence Smith and Officer Timothy Jackson)**

  1. - 3. Paragraphs one through three of Count I are hereby made

Paragraphs one through three of Count 2 as if more fully set forth herein.

4. During the course of this detention, the Plaintiff was assaulted, threatened with serious bodily harm and his residence at 26 Shirley Street was ransacked at the hands of the aforementioned Defendants, at which time the Plaintiff's residence and the personal effects therein were intentionally, and maliciously thrown about, dumped onto the floor, damaged and removed from the premises.

5. The aforementioned actions of the Defendants were extreme and outrageous and calculated to cause and did cause serious emotional distress.

6. As a direct and proximate result of the Defendants' extreme, outrageous, malicious, willful and reckless acts, the Plaintiff, Victor Pereira, was subjected to great inconvenience, annoyance, humiliation, fear, terror, nausea and mental trauma.

7. As a direct and proximate result of the Defendants' malicious, willful and outrageous acts, the Plaintiff, Victor Pereira, sustained the following injuries:

    a. Personal embarrassment and humiliation;

    b. Emotional upset and anxiety;

    c.      Nausea;

    d.      Feelings of intimidation; and

    e.      Apprehension of future invasions.

    6.      As a further result of the Defendants' malicious, willful and outrageous acts, the Plaintiff, Victor Pereira, has been hindered and prevented, and will be hindered and prevented in the future, from participating in and enjoying the full spectrum of life's activities, all to his loss and damage.

**COUNT THREE (Civil Rights Violations as to Defendants Detective Michael Goggin, Detective Gary Pece, Detective Frank Koshes, Detective Lawrence Smith and Officer Tomothy Jackson)**

    1. - 4.      Paragraphs one through four of Count 2 are hereby made paragraphs one through four of Count 3 as if more fully set forth herein.

    5.      As described herein the Defendants, acting maliciously, recklessly and wantonly, deprived the Plaintiff of the rights described hereinafter and, in fact, did deprive the Plaintiff of his rights to:

    a.      Freedom from unreasonable search;

    b.      Freedom from excessive force;

    c.      Due process of law; and

  d. Equal protection of the laws.

  6. As described herein the Defendants, acting maliciously, recklessly, and wantonly, deprived the Plaintiff of the aforementioned rights.

**COUNT 4 - Civil Rights Violations as to Defendant City of Waterbury)**

  1 - 4 Paragraphs one through four of Count 2 are hereby made paragraphs one through four of Count 4 as if more fully set forth herein.

  5. As described herein the Defendant, The City of Waterbury, acting maliciously, recklessly and wantonly, deprived the Plaintiff of the rights described hereinafter and, in fact, did deprive the Plaintiff of his rights to:

  a. Freedom from unreasonable search;

  b. Freedom from excessive force;

  c. Due process of law; and

  d. Equal protection of the laws.

  6. At the time of the incident described above, and for some time prior to and continuing to date, the Defendant, City of Waterbury, has had a custom or policy of condoning and encouraging civil rights violations by the police officers within its control which custom or policy was known to the Defendant Officers.

7.  The Defendant City of Waterbury at the time of Plaintiff's arrest and for some time prior, had specific knowledge of the tendency of police officers within its control to violate the civil rights and needlessly injure citizens due to the police officers' inadequate training, as well as their disregard for public safety and state and federal laws regarding civil rights.

8.  That the Defendant City of Waterbury possessed specific knowledge of the aforementioned tendencies and behavior of the police officers within its control is made manifest by the rendering of judgments against Waterbury police officers by this Court and others for violating the civil rights of citizens.

9.  That the Defendant City of Waterbury condoned and encouraged the aforementioned civil rights abuses by the police officers under its control is made manifest by its failure to properly investigate citizen complaints and discipline those police officers who had been found by this Court and others to have committed such illegal acts.

10. That the Defendant City of Waterbury condoned and encouraged the aforementioned civil rights abuses by the police officers under its control is made manifest by its promotion of police offers against whom numerous

complaints of civil rights abuses have been made as well as those police officers against whom verdicts had been rendered for civil rights abuses and for which the Defendant City of Waterbury had otherwise compensated civil rights Plaintiffs; including Officer Philip Distiso - promoted to Detective in 1992; Officer Francis Woodruff - promoted to Sergeant on April 6, 1988 to Lieutenant on August 29, 1991, and promoted to Training Officer for the Waterbury Police Department in 1992; Officer James Griffin - promoted to Sergeant on November 28, 1991.

11. Despite clear evidence that the police officers under its control were responsible for numerous civil rights violations over a period of years, the Defendant, City of Waterbury, has failed to review or alter its system of investigating citizen complaints or program of training new and experienced officers on its police force to avoid such abuses in the future.

12. As described herein the Defendant City of Waterbury acting recklessly and wantonly, injured the Plaintiff and deprived him of the rights described hereinafter, and in fact did deprive the Plaintiff of his rights to:

a. Freedom from unreasonable search;

b. Freedom from excessive force;

c. Due process of law; and

d. Equal protection of the laws.

## COUNT 5 - Civil Rights Violations as to Defendant, Police Chief Edward Flaherty

1 - 4   Paragraphs one through four of Count 2 are hereby made paragraphs one through four of Count 5 as if more fully set forth herein.

5. At that date and time, Edward Flaherty was the Chief of the Waterbury Police Department.

6. At the time of the incident described above, and for some time prior to and continuing to date, the Defendant, Police Chief Edward Flaherty, has had a custom or policy of condoning and encouraging civil rights violations by the police officers within his control which custom or policy was known to the Defendant officers.

7. The Defendant, Police Chief Edward Flaherty, at the time of the Plaintiff's arrest and for some time prior, had specific knowledge of the tendency of police officers within his control to violate the civil rights and needlessly injure citizens due to the police officers' inadequate training, as well as their disregard

for public safety and state and federal laws regarding civil rights.

8.     That the Defendant, Police Chief Edward Flaherty, possessed specific knowledge of the aforementioned tendencies and behavior of the police officers within his control is made manifest by the rendering of judgments against Waterbury police officers by this Court and others for violating the civil rights of citizens.

9.     That the Defendant, Police Chief Edward Flaherty, condoned and encouraged the aforementioned civil rights abuses by the police officers under his control is made manifest by his failure to investigate citizen complaints and discipline those police officers who had been found by the Court and others to have committed such illegal acts.

10.    That the Defendant, Police Chief Edward Flaherty, condoned and encouraged the aforementioned civil rights abuses by the police officers under his control is made manifest by his promotion of police officers against whom numerous complaints of civil rights abuses have been made as well as those police officers against whom verdicts had been rendered for civil rights abuses.

11.    Despite clear evidence that the police officers under his control were responsible for numerous civil rights violations over a period of years, the

Defendant, Police Chief Edward Flaherty, has failed to review or alter his system of investigating citizen complaints or program of training new and experienced officers on his police force to avoid such abuses in the future.

12. As described herein the Defendant, Police Chief Edward Flaherty, acting recklessly and wantonly, injured the Plaintiff and deprived his of the rights described hereinafter, and in fact did deprive the Plaintiff of his rights to:

   a. Freedom from unreasonable search;

   b. Freedom from excessive force;

   c. Due process of law; and

   d. Equal protection of the laws.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants as follows:

## AS TO COUNTS 1, 4, and 5

    a.    Money Damages;

    b.    Attorney's fees and the cost of this action; and

    c.    Such other relief as this Court may deem to be just and equitable.

## AS TO COUNT 2 and 3

    a.    Money Damages;

    b.    Punitive Damages;

    c.    Attorney's fees and the cost of this action; and

    d.    Such other relief as this Court may deem to be just, fair and equitable.

THE PLAINTIFF,
VICTOR PEREIRA
By _____
Christopher G. Santarsiero
100 Grand Street
Suite 2C
Waterbury, CT 06702
(203) 756-5640
Juris No. 407302