UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR PEREIRA,<br>    PLAINTIFF, | : CIVIL NO.: 3:03CV0301(AWT)<br>:<br>: |
| vs. | :<br>: |
| DETECTIVE FRANK KOSHES, DETECTIVE<br>LAWRENCE SMITH, PATROLMAN TIMOTHY<br>JACKSON, DETECTIVE MICHAEL GOGGIN,<br>AND DETECTIVE GARY PECE,<br>    DEFENDANTS. | :<br>:<br>:<br>: DECEMBER 9, 2003 |

### ANSWER AND SPECIAL DEFENSES OF DEFENDANTS
### TO AMENDED COMPLAINT

**COUNT ONE: (Negligence as to defendants Detective Frank Koshes, Detective Lawrence Smith, Patrolman Timothy Jackson, Detective Michael Goggin, Detective Gary Pece,**

1.  As to Paragraph 1 of Count One, defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiff to his proof.

2.  Paragraph 2 of Count One is admitted.

3.  As to Paragraph 3 of Count One the statement "was enjoying the company of some friends", the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiff to his proof. The remainder of the allegations in Paragraph 3 of Count One are admitted.

4.  Paragraphs 4 and 7 are denied.

5.  As to Paragraph 5 of Count One, the statement "As a direct result of the negligent acts of the Defendants" is denied. As to the remainder of the allegations the defendants have

insufficient knowledge or information upon which to form an opinion or belief, and therefore leave the plaintiff to his proof.

6. As to Paragraph 8 of Count One, the statement "As a further consequence of the negligent acts of the Defendants," is denied. As to the remainder of the allegations the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave the plaintiff to his proof.

**COUNT TWO:  (Intentional Infliction of Emotional Distress as to Defendants Detective Frank Koshes, Detective Lawrence Smith, Patrolman Timothy Jackson, Detective Michael Goggin, and Detective Gary Pece)**

1-3. The answers to Paragraphs 1 through 3 of Count One are hereby made the answers to Paragraphs 1 through 3 of Count Two as if more fully set forth herein.

4. Paragraphs 4 and 5 are denied.

5. As to Paragraph 6 of Count Two, the statement "As a direct and proximate result of the Defendants' extreme, outrageous, malicious, willful and reckless acts," is denied. As to the remainder of the allegations in Paragraph 6, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave the plaintiff to his proof.

6. As to Paragraphs 7 of Count Two, the statement "As a direct and proximate result of the Defendants' malicious, willful and outrageous acts" is denied. As to the remainder of

Paragraph 7, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiff to his proof.

7.  As to Paragraph 8 (marked 6) of Count Two, the statement "As a further result of the Defendants' malicious, willful and outrageous acts" is denied. As to the remainder of Paragraph 8, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiff to his proof.

**COUNT THREE: (Civil Rights Violations as to Defendants Detective Frank Koshes, Detective Lawrence Smith, Patrolman Timothy Jackson, Detective Michael Goggin, and Detective Gary Pece)**

1.  The answers to Paragraphs 1 through 4 of Count Two are hereby made the answers to Paragraphs 1 through 4 of Count Three as if more fully set forth herein.

2.  Paragraphs 5 and 6 are denied.

**COUNT FOUR: (Civil Rights Violations as to Defendants City of Waterbury**

1-12.  Defendants need not respond based on plaintiff's withdrawal of this count on November 24, 2003.

**COUNT FIVE: (Civil Rights Violations as to Defendant, Police Chief Edward Flaherty**

1-12.  Defendants need not respond based on plaintiff's withdrawal of this count on November 24, 2003.

### FIRST AFFIRMATIVE DEFENSE

The actions and conduct of defendants was objectively reasonable under the circumstances of which defendants were aware, and they enjoy qualified immunity from all liability therefore.

### SECOND AFFIRMATIVE DEFENSE

The actions and conduct of defendants did not violate any clearly established constitutional or federal statutory right of which they reasonably should have been aware, and defendants are therefore entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's complaint, or specific portions thereof, fail[s] to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The defendants are entitled to governmental immunity in that the complained of conduct was engaged in good faith, without malice and in the discretionary performance of governmental duties.

### FIFTH AFFIRMATIVE DEFENSE

The conduct complained of was privileged, and the defendant officers are entitled to immunity against liability upon plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

The conduct of the plaintiff was contributorily negligent in that he failed to exercise reasonable care to avoid harm to himself.

                    DEFENDANTS, DETECTIVE FRANK KOSHES, DETECTIVE LAWRENCE SMITH, PATROLMAN TIMOTHY JACKSON, DETECTIVE MICHAEL GOGGIN, AND DETECTIVE GARY PECE

BY _____
Michelle Holmes
Federal Bar Number: ct20014
Sack, Spector & Karsten
836 Farmington Avenue
West Hartford, CT 06119
Their Attorney

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December, 2003, to the following counsel of record:

Christopher Santarsiero, Esquire
100 Grand Street, Suite 2C
Waterbury, CT  06702

 

*M. Holmes*
Michelle Holmes